# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

THE UNITED STATES FOR THE )
USE AND BENEFIT OF MORGAN )
BUILDINGS & SPAS, INC., a Nevada )
corporation, and MORGAN )
BUILDINGS & SPAS, INC., a Nevada )
corporation, )
            )
       Plaintiffs, )
            )
vs.            )   Case No. CIV-09-730-M
            )
IOWA TRIBE OF OKLAHOMA d/b/a )
BKJ SOLUTIONS, a federally-recognized )
Indian tribe, THE ROSS GROUP LLC, )
an Oklahoma limited liability company, )
and EMPLOYERS MUTUAL CASUALTY )
COMPANY, an Iowa corporation, )
            )
       Defendants. )

## ORDER

  Before the Court is defendant Iowa Tribe of Oklahoma's ("ITO") Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction and for Failure to State a Claim, filed August 6, 2009. On August 19, 2009, plaintiff Morgan Buildings & Spas, Inc. ("Morgan") filed its response. On August 31, 2009, ITO filed its reply, and on September 4, 2009, Morgan filed its surreply.

  ITO is a federally recognized Indian tribe. Morgan has filed suit for alleged breach of contract against ITO d/b/a BKJ Solutions.[1] ITO has now moved to dismiss all claims asserted against it on the basis that the Court lacks both subject matter and in personam jurisdiction over ITO and, that on the face of the pleadings, ITO is not the party to the contract upon which Morgan is

---

[1] The only allegation in the Complaint specifically referencing ITO is paragraph 2 which states: "The Iowa Tribe of Oklahoma is a federally recognized tribe doing business as BKJ Solutions, purporting to be entitled to SBA §8(A) status, and having a principal place of business in Oklahoma."

suing and, therefore, Morgan has failed to state a claim upon which relief can be granted. Specifically, ITO asserts, in part, that ITO and BKJ Solutions, Inc. ("BKJ") are separate entities and that Morgan's claims against ITO are barred by the doctrine of tribal sovereign immunity and must be dismissed.

Morgan contends that ITO has waived its sovereign immunity. Specifically, Morgan contends that ITO and BKJ are a single entity[2] and that the "Controlling Law and Exclusivity of Venue" provision of the subcontract entered into between Morgan and BKJ waives sovereign immunity for purposes of establishing jurisdiction over ITO. Alternatively, if the Court is inclined to find facts relevant to subject matter jurisdiction in dispute, Morgan requests that it be allowed to conduct discovery on the jurisdictional issues.

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (internal citations omitted).

---

[2] In its surreply, Morgan contends that even if ITO's evidence is genuine and establishes that BKJ is a separate entity, ITO can still be held liable because BKJ is the alter ego of ITO.

2

Initially, ITO's motion to dismiss was a facial attack on the complaint's allegations. However, in light of the numerous attachments to the subsequent pleadings, as well as the arguments raised in those pleadings, the Court finds that the issue of whether ITO has waived its tribal sovereign immunity is a now factually disputed issue. Specifically, the Court finds a factual dispute as to whether ITO and BKJ are separate entities and if so, whether BKJ is the alter ego of ITO. If ITO and BKJ are the same entity or if BKJ is the alter ego of ITO, ITO has waived its tribal sovereign immunity based upon the "Controlling Law and Exclusivity of Venue" provision of the subcontract entered into between Morgan and BKJ. *See C & L Enters., Inc. v. Citizen Band of Potawatomi Indian Tribe of Okla.*, 532 U.S. 411, 414 (2001) (holding that provisions in construction contract providing for application of Oklahoma law, binding arbitration of disputes, and enforcement of arbitration decisions in any state or federal court with jurisdiction constituted waiver of tribe's sovereign immunity). However, if ITO and BKJ are not the same entity and BKJ is not the alter ego of ITO, ITO has not waived sovereign immunity.

Because this Court has found there is a factual dispute as to whether ITO has waived sovereign immunity, and because Morgan has requested that it be allowed to conduct discovery on this issue, the Court finds that ITO's Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction and for Failure to State a Claim [docket no. 20] should be DENIED at this time to allow the parties to conduct whatever discovery is necessary on this issue. Further, the Court DIRECTS

Morgan and ITO to submit to the Court an agreed schedule regarding the discovery and briefing on this matter; said agreed schedule shall be submitted to the Court on or before March 1, 2010.

**IT IS SO ORDERED this 16th day of February, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE