**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF MORGAN BUILDINGS & SPAS, INC.; and MORGAN BUILDINGS & SPAS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> BKJ SOLUTIONS, INC., THE ROSS GROUP LLC, an Oklahoma limited liability company, and EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. CIV-09-730-M |

**ORDER**

Before the Court is defendant Employers Mutual Casualty Company's ("EMCC") Motion for Summary Judgment, filed March 19, 2012. On April 9, 2012, plaintiff the United States of America for the Use and Benefit of Morgan Buildings & Spas, Inc. ("Morgan") filed its response, and on April 16, 2012, EMCC filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

In early January 2008, defendant BKJ Solutions, Inc.'s ("BKJ") contract proposal to perform a project for the United States in Fort Sill, Oklahoma, designated as FY08 Traps Relocatables (the "Project"), was accepted by the United States Army Corps of Engineers (the "USACE"). On or about January 30, 2008, BKJ entered into a contract with the United States, Contract No. W912BV-08-C-2000 (the "Prime Contract"), through USACE, whereby BKJ, as general contractor, agreed

to perform labor and furnish materials for the Project. In addition to "site work",[1] the Prime Contract called for three sites of modular, relocatable buildings to be furnished for use as barracks, company operations facilities, and battalion headquarters. On or about January 30, 2008, in connection with the Project, BKJ furnished to USACE Miller Act Payment Bond No. S368816 (the "Payment Bond") in the penal sum of $2,241,364.00, upon which BKJ is the principal and EMCC is the surety.

On or about March 26, 2008, Morgan executed a Subcontract Agreement ("Subcontract") with BKJ by which Morgan was to furnish certain supervision, labor, materials, equipment, transportation, and supplies related to the modular building scope of work for the Project. Under the Subcontract, Morgan did not perform any "site work" on the Project. Morgan has not been paid in full for the work it performed under the Subcontract.

On July 15, 2009, Morgan filed the instant action. One of the claims Morgan is asserting is a claim against the Payment Bond. EMCC now moves for summary judgment as to that claim.

II.   Discussion

EMCC contends that Morgan's claim against the Payment Bond fails as a matter of law because BKJ was only required to post a Miller Act payment bond for the "construction" work on the Project, and the only "construction" work on the Project was the "site work", which Morgan did not perform. Morgan, on the other hand, contends that the Payment Bond covers its work on the Project.

---

[1] "Site work" is defined in the Prime Contract's Proposal Schedule Notes as "all earthwork, foundations, paving, sidewalks, curbs and gutter to the building line" and "utilities" brought to within five feet of the relocatable buildings. *See* Prime Contract at p. 00010-6, attached as Exhibit C to EMCC's Motion for Summary Judgment.

The Miller Act provides, in pertinent part:

> Before any contract of more than $100,000 is awarded for the construction, alteration, or repair of any public building or public work of the Federal Government, a person must furnish the Government the following bonds, which become binding when the contract is awarded:
>
> \*  \*  \*
>
> (2) Payment bond. A payment bond with a surety satisfactory to the officer for the protection of all persons supplying labor and material in carrying out the work provided for in the contract for the use of each person. . . .

40 U.S.C. § 3131(b)(2). "Congress enacted the Miller Act to protect persons who supply labor and materials for the construction of federal buildings. Due to its remedial nature, it is afforded a liberal construction." *United States for the Use of B & D Mech. Contractors, Inc. v. St. Paul Mercury Ins. Co.*, 70 F.3d 1115, 1117 (10th Cir. 1995).

The Miller Act clearly limits its bond requirements to contracts awarded for the construction, alteration, or repair of any public building or public work of the Federal Government; however, it does not limit those persons protected under the payment bond to those who specifically perform the construction, alteration or repair work. Rather, the Miller Act clearly and specifically states that the payment bond is "for the protection of all persons supplying labor and material in carrying out the work provided for in the contract". 40 U.S.C. § 3131(b)(2).[2] Thus, in the case at bar, the Court

---

[2] In its motion, EMCC asserts that USACE's determination that the Miller Act did not require a payment bond from BKJ in connection with the relocatable buildings to be furnished by Morgan under the Prime Contract is entitled to great weight, citing *United States v. Kimrey*, 489 F.2d 339, 342 (8th Cir. 1974). However, in *Kimrey*, the Eighth Circuit stated: "If any ambiguity exists in § [3131(b)], the practical construction of the statute by the Government agency in charge of the transaction is entitled to great weight." *Id.* (emphasis added). Because the Court finds that no ambiguity exists in § 3131(b) in relation to the issue involved in the instant case, the Court finds USACE's determination is not entitled to any particular weight.

finds the Payment Bond is for the protection of all persons supplying labor and material in carrying out the work provided for in the Prime Contract. Having carefully reviewed the parties' submissions, the Court finds that Morgan clearly supplied labor and materials used in carrying out the work provided for in the Prime Contract and, thus, the Payment Bond covers the labor and materials supplied by Morgan.

The language of the Payment Bond itself further supports a finding that the labor and materials supplied by Morgan fall within the protection of the Payment Bond. The Payment Bond states that it is "for the protection of persons supplying labor and materials." Payment Bond at 2, attached as Exhibit D to EMCC's Motion for Summary Judgment. Further, the Payment Bond states as a condition that "[t]he above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for <u>furnishing labor, material or both in the prosecution of the work provided for in the contract identified above</u> . . . ."[3] *Id.* at 1 (emphasis added). Additionally, there is no language contained in the Payment Bond that indicates in any way that the Payment Bond covers only the "site work", or any other specific portion of the work, of the Prime Contract or specifically precludes Morgan's scope of work.

Further, even if the Payment Bond only applies to "construction" work to be performed on the Project, the Court finds Morgan has presented sufficient evidence to show that portions of its work could be considered "construction" work, as that term is used in the Miller Act. The

---

[3]The "contract identified above" is the Prime Contract.

regulations implementing the Davis-Bacon Act[4], an act which provides for minimum wage protection on federal construction contracts, defines "construction" or "repair" as follows:

> all types of work done on a particular building or work *at the site thereof* . . . , all work done in the construction or development of the project, including without limitation, altering, remodeling, installation (where appropriate) *on the site of the work* of items fabricated off-site, painting and decorating, the transporting of materials and supplies to or from the building or work . . . , and the manufacturing or furnishing of materials, articles, supplies or equipment *on the site of the building* or work. . . .

*Brock v. Cardinal Indus., Inc.*, 828 F.2d 373, 377 (6th Cir. 1987) (emphasis in original), *overruled on other grounds in Martin v. Occupational Safety & Health Review Comm'n*, 499 U.S. 144, 150 (1991).[5] Morgan has submitted evidence that after fabricating the shells of the modular units off-site, it constructed the modular buildings at the actual work site, per BKJ's request, and after the construction of the buildings, Morgan installed interior floors, roofs, drop ceilings, sprinkler systems, air ducts, interior doors, plumbing in the west units, gas lines in the laundry units, exterior lights, exterior a/c drain lines, underpinning, dryer vents, interior lights, and vents for the make up air system. The Court finds this work performed at the actual work site clearly would meet the definition of "construction".

Accordingly, the Court finds that the Payment Bond covers some, if not all, of the work performed by Morgan and that EMCC, therefore, is not entitled to summary judgment.

---

[4] 40 U.S.C. §§ 3141-3148.

[5] Because identical terms are used in both the Miller Act and the Davis-Bacon Act, the Court finds that these terms should be interpreted consistently.

III.    Conclusion

For the reasons set forth above, the Court DENIES EMCC's Motion for Summary Judgment [docket no. 98].

**IT IS SO ORDERED this 20th day of July, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE